IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN BONNEAU,

        Plaintiff,

          3:12-CV-130-PA

v.

          ORDER

MARC MAXWELL, et al.,

        Defendants.

---

**PANNER, District Judge:**

Defendants move to dismiss plaintiff's <u>Bivens</u> claim. For the reasons stated below, defendants' motion is GRANTED.

### Background

Plaintiff, appearing *pro se*, is Ryan Bonneau. Defendants are one to ten unknown agents of the Federal Bureau of Investigation and FBI agent Marc Maxwell. Plaintiff seeks compensatory and punitive damages for violation of "[p]laintiff's Constitutional Rights, and the Plaintiff's right to the return of the property -

1

without damage - as provided for under the Federal Rules of Criminal Procedure." (Compl., 5.)

In November of 2002, defendants executed a search warrant against plaintiff. Defendants seized plaintiff's property, including plaintiff's computers. Stemming from the search and seizure, plaintiff entered a guilty plea for fraud by wire and aiding and abetting, engaging in monetary transactions derived from specified unlawful activity and aiding and abetting, and bank fraud. Plaintiff was sentenced to thirty-three months in prison. (Case No. 3:02-cr-00467-MO). The forfeiture allegation in the case was terminated.

Plaintiff received a letter in 2011 from defendant Maxwell offering to arrange for the destruction of plaintiff's property or allotting plaintiff a period of time to retrieve his property. Plaintiff had not made any prior attempt at retrieving his seized property. Plaintiff's father ultimately retrieved plaintiff's property. Plaintiff alleges when the computers were turned on, it was discovered that the hard drive had been wiped of any data. Plaintiff alleges that the hard drive contained personal photographs, documents, databases, and manuscripts. Plaintiff allegedly had not backed up his computer and has thus lost the contents of the hard drive.

Plaintiff filed this Bivens action seeking $1,699,999 in compensatory damages and over $5 million in punitive damages.

2

## Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." Id. at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe in the light most favorable to the non-movant. Burget v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000). When a plaintiff appears pro se, the court must construe the allegations liberally and afford the plaintiff the benefit of the doubt. See Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003) (internal citations omitted). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. 544, 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

3

## Discussion

A cause of action for damages may arise from unconstitutional acts by federal agents acting under federal authority. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 389 (1971) (creating a cause of action for a Fourth Amendment violation); Wilkie v. Robbins, 551 U.S. 537, 549-50 (2007) (acknowledging Bivens causes of action for violation of the Due Process Clause and the Eighth Amendment); Davis v. Passman, 442 U.S. 228, 248-49 (1979) (establishing a Bivens claim for a Fifth Amendment violation). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Although Hudson dealt with a  § 1983 claim, the Ninth Circuit has concluded that actions under § 1983 and Bivens are functionally identical. Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Therefore, if plaintiff had an adequate remedy available outside of a Bivens claim, then a Bivens claim is necessarily unavailable to plaintiff here. Hudson, 468 U.S. at 533.

Defendants argue plaintiff's Bivens claim should be denied due to the alternative remedy provided under the Federal Tort Claims Act, 28 U.S.C. § § 1346(b) and 2671, et seq. (FTCA). The

4

FTCA allows "claims against the United States, for money damages
... for injury or loss of property ... caused by the negligent or
wrongful act or omission of any employee of the Government while
acting within the scope of his office or employment." Ali v.
Federal Bureau of Prisons, 552 U.S. 214, 218 (2008)(quoting 28
U.S.C. § 1346(b)(1)). Congress has created an exception to the
FTCA that prohibits a FTCA claim arising from "the detention of
goods" by any federal law enforcement officer. Id. (quoting §
2680(c)).

    Additionally, 31 U.S.C.  § 3723(a)(1) authorizes federal
agencies to settle claims up to one thousand dollars for damage
to, or loss of, private property caused by the negligence of
Government employees acting within the scope of their employment.
Plaintiff did not file a claim under § 3723 and the one-year time
period to present such a claim has passed. See § 3723(b).

    Plaintiff concedes that if defendants' "actions should be
viewed by the Court as simply being negligent[,]" then plaintiff's
Bivens claim would be barred. (Resp., 4.) Seeking to avoid
dismissal on FTCA grounds, plaintiff argues the agents involved
acted knowingly and intentionally in "wiping" the data from the
computers and then attempting to prevent plaintiff from learning
about their illegal actions. Even assuming defendants here acted
intentionally, plaintiff's Bivens claim still fails.

    31 U.S.C. § 3724(a) authorizes the Attorney General to

5

settle claims up to fifty thousand dollars for damage to, or loss

of, private property caused by investigative or law enforcement

officers employed by the Department of Justice acting within the

scope of their employment. 31 U.S.C. § 3724. Although plaintiff

seeks more damages than provided by the alternative remedies, the

alternative remedies are not inadequate merely because plaintiff

may be unable to recover the amount of damages which he might

recover in a Bivens claim. See Hudson, 468 U.S. at 535; see also

Minneci, 132 S.Ct. at 625. Because plaintiff had multiple

alternative remedies available, his Bivens claim necessarily

fails.

Additionally, I note that plaintiff's argument that the

agents knowingly and intentionally "wiped" plaintiff's computers

is not plausible when considered within the context of the facts

alleged in the complaint. Indeed, the factual allegations

themselves preclude the court from inferring the defendants acted

intentionally in this instance.

The alleged facts are that plaintiff made absolutely no

attempt to retrieve the seized goods – which plaintiff now values

at nearly $2 million dollars – for nearly 10 years. In fact, the

pleaded facts allege that defendants themselves voluntarily

notified plaintiff of his right to retrieve the goods. Indeed,

defendants, without being prompted, offered plaintiff the

opportunity to retrieve his property (even though plaintiff made

6

no attempt to retrieve that property over the prior decade).

If, as plaintiff suggests, the defendants wanted to keep their intentional and unlawful "wiping" a secret, one is forced to wonder why defendants did not simply destroy the computers in the first place. Plaintiff's argument that he had no occasion to retrieve the goods is meritless. On at least two occasions, plaintiff was released from prison. Although plaintiff violated the terms of his release on multiple occasions and was eventually arrested and sentenced to prison for violating the terms of his release, plaintiff had ample opportunities to request the return of his valuable property in the ensuing decade following the seizure of his computers.

On a related note, any claim plaintiff may have had is almost certainly barred by the statute of limitations. As noted, nearly 10 years passed from the time plaintiff alleges his property should have been returned. Only by alleging the agents "wiped" his computers in 2011 does plaintiff avoid statute of limitations issues. As noted above, however, while plaintiff's allegation that the agents intentionally "wiped" the computers does not hold water, any negligence on the part of defendants must also result in the dismissal of plaintiff's claim.

For the reasons stated above, plaintiff's <u>Bivens</u> claim must be dismissed. Because any amendment would be futile, the dismissal is with prejudice. <u>Doe</u>, 58 F.3d at 497.

7

## CONCLUSION

Defendants' Motion to Dismiss (#21) is GRANTED. This action is dismissed, with prejudice.

IT IS SO ORDERED.

DATED this 23 day of August, 2012.

OWEN M. PANNER
U.S. DISTRICT JUDGE